IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY JONES                                                                    PLAINTIFF

V.                                         NO. 09-5049

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Timothy Jones, appealed the Commissioner's denial of benefits to the Court. On June 28, 2010, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. §405(g). (Doc. #11). Plaintiff now moves for an award of $2,704.60 in attorney's fees and $10.00 in costs, under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 15.58 attorney hours of work before the Court at an hourly rate of $ 172.50 per hour for work done in 2009, and $174.69 per hour for work done in 2010. (Doc. # 13). Defendant has filed a response to Plaintiff's application, stating that he does not object to an award of reasonable attorney fees, but does object to the request for an hourly rate of $174.69 per hour. (Doc. #14).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

AO72A
(Rev. 8/82)

for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award

accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $172.50 for time spent in 2009, and $174.69 for time spent in 2010, for a total of 15.58 hours, which she asserts she devoted to the representation of Plaintiff in this Court.[1] The party seeking attorney's fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a Consumer Price Index (CPI) in support of her requested hourly rate. The Court finds that an award based upon an hourly rate of $174.00 per hour, reflecting an increase in the cost of living, is appropriate in this instance.[2] See Johnson, 919 F.2d at 505. Thus, based upon the above factors, the Court finds that an appropriate hourly rate is $174.00 for work completed in 2009 and 2010.

The Court will next address the number of hours Plaintiff's counsel alleges she spent in

---

[1] The Court does not award a separate hourly rate for time spent in 2009 and 2010.

[2] In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South. We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas. See Johnson, 919 F.2d at 505.

this matter.

Plaintiff's counsel seeks 15 minutes for "Proof of service." This is clerical in nature and not compensable under the EAJA. Granville House, Inc. V. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987). Therefore, 15 minutes will be deducted.

Plaintiff's counsel seeks 2 hours and 30 minutes to prepare the EAJA Bill and Motion to file EAJA and brief. Based upon counsel's extensive experience handling social security matters, this should have taken her no more than 1 hour. Therefore, 1 hour and 30 minutes will be deducted.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 13.83 hours ( 15.58 hours minus 1.75 hours) at a rate of $174.00 per hour, for a total attorney's fee award of $2,406.42, plus $10.00 in costs.[3] This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

---

[3] Such expenses are recoverable under the EAJA and the Court finds $10.00 to be a reasonable award. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

AO72A
(Rev. 8/82)

**district court.**

IT IS SO ORDERED AND ADJUDGED this 16th day of September, 2010.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)